THE TOPEKA RAILWAY COMPANY V. AGNES H. CASSON.

No. 14,422.   (85 Pac. 801.)

DAMAGES—*Injury to Traveler—Demurrer to Evidence.* In an
action to recover for injuries alleged to have been sustained
by reason of the negligent operation of defendant's street-
cars it was held that a demurrer to plaintiff's evidence was
properly overruled.

Error from Shawnee district court; Z. T. HAZEN,
judge. Opinion filed June 9, 1906. Affirmed.

*Ferry & Doran,* for plaintiff in error.

*R. B. Welch, Thomas G. Ayres,* and *Charles D.
Welch,* for defendant in error.

*Per Curiam:* Kansas avenue, in the city of Topeka,
runs north and south. The Topeka Railway Company
has a double track occupying the center of the street,
the tracks being about six feet apart. Ninth street
crosses Kansas avenue at right-angles. The defend-
ant in error was driving one horse attached to a top-
buggy, going north on Kansas avenue, about eight or
ten feet west of the west track. When she arrived at
the south side of Ninth street she saw, approaching
her from the north, an express wagon and other ve-
hicles. She concluded she could proceed faster if she
crossed to the east side of Kansas avenue, and at-
tempted to do so. She testified that before she went on
to the west track she looked out of her buggy to see if
a car was approaching, and saw none; that just as she
reached the east track a car going north struck her
horse, throwing him back on the west side of the track,
and throwing her forward against the dashboard and
then backward on the buggy seat, causing her serious
injury.

The negligence charged against the defendant is that
the car which struck plaintiff was negligently pro-
pelled at the rate of about twenty-five miles an hour, in

violation of a city ordinance which by its provisions limits the rate of speed of electric cars to eight miles an hour; that defendant's agents and employees negligently failed to sound the gong on the car or give other notice of its approach until the car had collided with plaintiff's horse and buggy; that the defendant's servants negligently omitted to stop the car after they discovered the plaintiff was attempting to cross its track and in danger, as they could have done by the exercise of proper care. The answer was a general denial, and for a second defense it was alleged:

"If said plaintiff suffered any injuries at the time and place mentioned in said petition, the same were caused by the careless, negligent and reckless acts of said plaintiff, and the same would not have occurred but for the careless, negligent and reckless acts of said plaintiff."

When the plaintiff had introduced her evidence and rested, defendant demurred thereto, which demurrer was overruled. Defendant then introduced its evidence, and upon a general verdict for plaintiff a judgment was entered. The defendant prosecutes this proceeding to reverse this judgment. The errors assigned that require attention are the overruling of defendant's demurrer to plaintiff's evidence, and the giving of certain instructions.

This court cannot weigh oral evidence. Whenever it appears that there is substantial testimony tending to prove all material questions of fact involved in a given controversy, and the jury have weighed and determined upon which side it preponderates, and their judgment is concurred in by the trial court, this court will not further review the evidence. The jury in weighing evidence may believe one witness and disbelieve another. Whether their judgments and conclusions are correct or incorrect this court will not decide. In this case there was evidence tending to support the allegations of the plaintiff's petition; therefore we cannot say

that the court committed error in overruling the demurrer.

The second contention is that the court committed prejudicial error in stating the law of the "last clear chance" to the jury. No contention is made that the law was incorrectly stated, but that such principles had no application to the facts of this case. This conclusion is based upon the assumption that the plaintiff was guilty of contributory negligence in going upon the tracks as she did, and that her negligence was continuing up to the time the car collided with her horse. The specific claim is that the law of the "last clear chance" can never be applicable where the plaintiff is guilty of continuing contributory negligence.

The plaintiff in error's argument is that, admitting its negligence in not stopping its car after discovering the dangerous position of plaintiff, the latter was also negligent in not extricating herself from her perilous position after she discovered it and before the car collided with her; that where two parties are equally negligent, and damage results to one, the other cannot recover; that if two persons were driving in opposite directions on a public highway, with equal opportunity to avoid a collision, neither wishing to give any part of the traveled track to the other, and they collided, neither could recover from the other for any injuries sustained, because both would be equally guilty. The argument of plaintiff in error upon this point is based upon the assumption that plaintiff was guilty of contributory negligence in going upon the track, and was also guilty of continuing negligence in not pulling her horse off the track after she discovered her danger and before she was injured. The findings of the jury conclusively deny these assumptions of plaintiff in error. The general verdict of the jury is conclusive that plaintiff was not negligent in going upon the track and was not negligent in pursuing her course. It is conclusive upon the defendant that it was negligent in driving the car at too high a rate of speed, and that the motorman

saw plaintiff's danger, or by the exercise of proper care should have seen it, in time to have stopped the car before the collision occurred.   The record presents nothing but a question of fact.   The argument of counsel against the applicability of the instruction is based entirely on a statement of facts which the jury by its general verdict found did not exist.

The judgment is therefore affirmed.